## CIRCUIT COURT OF FAUQUIER COUNTY

In re Wanda G. Wiser
Charitable Remainder Unitrust
Created Under the Will of
Jack Kent Cooke,
deceased

January 19, 2011

Case No. (Civil) CL10-771

BY JUDGE JEFFREY W. PARKER

In early December 2010, counsel tendered to this Court a proposed Order, *inter alia* substituting J. P. Morgan Chase Bank, N.A. (J. P. Morgan) as a successor Co-Trustee to Bank of America, N.A., under the will of Jack Kent Cooke.

Upon review and at my direction, Helen Zaleski, Chief Deputy Clerk, advised counsel that, pursuant to § 26-59(B) of the Code of Virginia, no corporation shall be permitted to qualify as a fiduciary unless such a corporation is authorized to do business in Virginia. As we had no documentation establishing this authority on behalf of J. P. Morgan, we advised counsel that we could take no action upon counsel's request.

In response, counsel provided this Court a letter dated January 7, 2011, stating in essence, that, as J. P. Morgan is a National Banking Association under 12 U.S.C. § 92a, it is not subject to Virginia fiduciary law or specifically to Va. Code § 26-59.

I disagree with counsel's position. § 26-59 of the Code of Virginia provides in pertinent part as follows:

> No corporation shall be appointed or allowed to qualify or act as a . . . trustee under a will, or as one of the . . . trustees under a will . . . unless such corporation is authorized to do business in this Commonwealth.

In counsel's letter to this Court, counsel reference a letter dated August 7, 2009, in which a Vice-President of J. P. Morgan gave notice to the Federal

Office of the Comptroller of the Currency setting forth the Bank's intention to engage in trust activities in Virginia. In that letter, the Bank Officer references "an opinion from the Attorney General of the Commonwealth of Virginia stating that § 92a of the National Bank Act preempts certain provisions of the Virginia Banking Act. . . ."

Although this Opinion was not attached to her letter, presumably, she was referencing an Attorney General's Opinion dated December 12, 2003, (03-122) which stated that the National Bank Act preempted §§ 6.1-5 and 6.1-32.35 of the Virginia Code. These Code sections required foreign trust institutions to maintain a trust office or bank in the Commonwealth as a condition of acting as a fiduciary in Virginia. Aside from the fact that these Code sections have been repealed, neither this Opinion nor 12 U.S.C. § 92a serve to void Va. Code § 26-59.

The subject Attorney General's Opinion does not address the Code Section in question. By its own terms, 12 U.S.C. § 92a permits national banks to act as trustees, but only when their actions are "not in contravention of State law." State law, on the other hand, directly addresses this issue. The Constitution of Virginia, Article IX, Section 5, authorizes the Virginia General Assembly to enact laws "specifically applying to foreign corporations."

The Commonwealth has "the power to exclude a foreign corporation" from doing business within the State unless it complies with its statutes. *Commonwealth v. United Cigarette Machine Co.*, 119 Va. 447, 464, 89 S.E. 935 (1916). Further, it is a criminal offense for any person to transact business in this Commonwealth as a corporation, unless the corporation is domestic or otherwise authorized to do business within the Commonwealth. Va. Code § 13.1-613.

This Court cannot approve or facilitate behavior that contravenes unequivocal statutory authority. In counsel's letter, counsel also references Va. Code § 6.2-1003. However, this provision only deals with surety on bonds of fiduciaries, not the requirements necessary for the qualification of a trustee.

In conclusion, the Court sees no specific authority in counsel's letter which would compel this Court to disregard existing Virginia law. Therefore, the Court cannot enter the Order that counsel has tendered.